**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**JOHN DOE**,

**Plaintiff**,

**v.** **Case No. 3:26-cv-4968-TKW-HTC**

**RANGEWATER REAL ESTATE, LLC**, **et al.**,

**Defendants**.
_________________________________/

**ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM**

This case is before the Court based on Plaintiff's motion to proceed under a pseudonym (Doc. 3). No response is needed.

Plaintiff suffers from a mental health condition, Complex Post-Traumatic Stress Disorder (CPTSD). He brought this action against multiple defendants under the federal and Florida Fair Housing Acts alleging claims for disability discrimination and retaliation arising out of his tenancy at a Destin apartment complex in 2023 and 2024.

Plaintiff seeks leave to proceed anonymously because this litigation will necessarily require him to disclose his mental health condition and publicly link him to that condition. Additionally, he claims that requiring him to proceed in his own name "would undermine the stability and control on which [he] rel[ies] to manage

[his] condition" and "create a serious and concrete risk of worsening [his] symptoms." More specifically, he claims that he will "likely" suffer "increased panic and anxiety, disruption of sleep, impaired concentration, difficulty communicating, and reduced ability to participate effectively in this litigation" if he is required to proceed in his own name.

"A party may proceed anonymously in federal court by establishing 'a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011)). However, "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

Courts in the Eleventh Circuit are required to consider six factors when deciding whether to allow a plaintiff to proceed anonymously: (1) whether the plaintiff is challenging government activity; (2) whether the plaintiff will be required to disclose information of the utmost intimacy; (3) whether the plaintiff will be required to admit the intention to engage in illegal activity; (4) whether the plaintiff is a minor; (5) whether the plaintiff was threatened with physical harm by proceeding in his own name; and (6) whether anonymity poses a unique threat of fundamental unfairness to the defendant. *Doe v. Sheely*, 781 F. App'x 972, 973 (11th Cir. 2019)

(citing *Francis* and *Frank*). No single factor is dispositive, and the Court is required to consider the totality of the circumstances. *See Chiquita Brands*, 965 F.3d at 1247 n.5; *Frank*, 951 F.2d at 323; *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

Here, the factors individually and collectively weigh against allowing Plaintiff to proceed anonymously.

The first factor weighs against anonymity because Plaintiff is asserting claims against private entities and individuals, not the Government. *See Frank*, 951 F.2d at 324 (noting that the fact the plaintiffs were suing a private individual was "*more* reason *not* to grant the plaintiffs' request for anonymity") (emphasis in original).

The second factor weighs against anonymity even though Plaintiff will necessarily have to disclose his mental health condition in this litigation because the Court is not persuaded that a CPTSD diagnosis carries the social stigma that would make it a matter of the "utmost intimacy" given the ubiquity of PTSD diagnoses in today's society. *See Tessa G. v. Sec'y, U.S. Dep't of Health & Human Servs.*, 2025 WL 1342339, at *4 (11th Cir. May 8, 2025) (rejecting argument that epilepsy status is sufficiently sensitive to warrant anonymity because there is no social stigma associated with that condition). The Court did not overlook the Eleventh Circuit's statement in *Frank* that "[c]ourts have permitted plaintiffs to proceed anonymously in cases involving mental illness," 951 F.2d at 324, but Plaintiff did not cite any case in which a court found that a PTSD diagnosis was sufficient to permit a plaintiff to

proceed anonymously and multiple courts have denied plaintiffs with PTSD or similar conditions leave to proceed anonymously. *See, e.g.*, *Doe v. Cook*, 2025 WL 1158932 (S.D.N.Y. Apr. 21, 2025); *Langworthy v. Whatcom Cnty. Superior Ct.*, 2021 WL 1788391 (W.D. Wash. May 5, 2021); *Doe v. Berkshire Life Ins. Co. of Am.*, 2020 WL 3429152 (D. Colo. June 23, 2020); *Doe v. JBF RAK LLC*, 2014 WL 5286512 (D. Nev. Oct. 15, 2014). Moreover, any concerns about the public disclosure of Plaintiff's mental health records or other sensitive information can be adequately addressed through the entry of a protective or confidentiality order and/or targeted sealing of publicly-filed documents containing that information. *See Tessa G.*, 2025 WL 1342339, at *4.

The third factor is not implicated.

The fourth factor weighs against anonymity because Plaintiff is an adult, not a minor.

The fifth factor weighs against anonymity because there is no indication that Plaintiff has been or would be threatened with physical harm if he is required to proceed in his own name. The Court did not overlook Plaintiff's assertions that requiring him to proceed in his own name will "aggravate [his] mental-health symptoms" and cause him to suffer "increased panic and anxiety, disruption of sleep, impaired concentration, difficulty communicating, and reduced ability to participate effectively in this litigation," but even if that is the type of harm that is to be

considered under the fifth factor, the Court does not give those assertions much weight because they are supported by nothing more than Plaintiff's lay experience with CPTSD. Moreover, even if those assertions were entitled to more weight than the Court has given them, the Court would find that mere possibility (or even likelihood) that Plaintiff's condition would be aggravated by having to proceed in his own name does not outweigh the other factors weighing against anonymity. *See Doe v. Ocean Reef Cmty. Ass'n*, 2019 WL 5102450, at *3 (S.D. Fla. Oct. 11, 2019) (finding the plaintiff failed to overcome heavy presumption of openness despite her counselor attesting that publicly associating her with the lawsuit would aggravate her PTSD symptoms and "retraumatiz[e]" her); *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1142–45 (N.D. Cal. 2016) (denying motion to proceed anonymously where the plaintiff experienced anxiety and "regular panic attacks" because "increased anxiety brought on by litigation does not justify anonymity").

The sixth factor weighs against anonymity because "[d]efendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Francis*, 631 F.3d at 1315. "[I]f the complaint's allegations cannot be substantiated, 'then anonymity provides a shield behind which defamatory charges may be launched without shame or liability' and it will be [Defendants] (not Plaintiff) who faces disgrace." *K.L.T. v. United States*,

2025 WL 3441016, at *2 (N.D. Fla. Dec. 1, 2025) (quoting *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)).

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. Plaintiff's motion to proceed under a pseudonym (Doc. 3) is **DENIED**.

2. Plaintiff has 14 days from the date of this Order to file an amended complaint that complies with Fed. R. Civ. P. 10(a). Failure to do so will result in this case being dismissed.

**DONE and ORDERED** this 3rd day of September, 2026.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**